UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                    CASE NO. 19-60616
                                                          Chapter 7
TONY MARTIN
DEBTOR

DEBTOR

JAMES R. WESTENHOEFER
Trustee for Bankruptcy Estate
of TONY MARTIN                                            PLAINTIFF

vs.                                                       ADVERSARY NO. _____

<u>COMPLAINT</u>

MANAGING OFFICER OR GENERAL AGENT
TOYOTA MOTOR CREDIT CORPORATION
6565 Headquarters Drive
W2-5A
Plano, TX 75024-5965

    <u>Serve:</u>  C T Corporation System
            306 W Main Street, Suite 512
            Frankfort, Ky 40601

*and*

TONY MARTIN
2174 Highway 2003
McKee, Ky 40447                                           DEFENDANTS

\*\*\*   \*\*\*   \*\*\*

Comes now, plaintiff, James R. Westenhoefer, Trustee for the bankruptcy estate of debtor TONY MARTIN, by counsel, and for his complaint herein against the defendant, TOYOTA MOTOR CREDIT CORPORATION (hereinafter "TOYOTA"), and against the debtor/defendant, TONY MARTIN, states as follows:

1. That James R. Westenhoefer is the duly qualified and acting Trustee of the bankruptcy

Page 1

estate of debtor, TONY MARTIN having been appointed May 11, 2019.

2. That this is an adversary proceeding bought pursuant to Bankruptcy Rule 7001 and 11 U.S.C. Sections 544, 547, 550 and 551.

3. That this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334. This adversary complaint relates to a case under Chapter 7 of the Bankruptcy Code, which was commenced by voluntary petition for relief under Chapter 7 filed by the debtor, TONY MARTIN, on May 10, 2019, being Case No. 19-60616, and constitutes a "core" proceeding under 28 U.S.C. Section 157 (b)(2)(k). Pursuant to bankruptcy Rules 7008 and 9027(a) of the Federal Rules of Bankruptcy Procedure, the Plaintiff does consent to entry of final orders or judgment by the Bankruptcy Court. The name and number of the case and division where the case is pending are set forth in the caption outlined above.

4. That prior to commencement of this case, on May 27, 2016, debtor TONY MARTIN borrowed funds from defendant, TOYOTA, to purchase a 2014 Toyota Tacoma, VIN: 5TFLU4EN3EX102923. (Plaintiff's Exhibit A, Retail Installment Sales Contract).

5. That at all times relevant, the debtor, TONY MARTIN was a resident of 2174 Highway 2003, McKee, Jackson County, Kentucky (Plaintiff's Exhibit B).

6. That for reasons unknown to plaintiff, the title lien of TOYOTA as reflected on the certificate of title shows a lien recorded in Estill County, Kentucky. (Plaintiff's Exhibit C).

7. That Tony Martin had previously purchased a 2014 Toyota Corolla, TOYOTA was the lienholder. This lien was noted in the correct county, Jackson. (Plaintiff's Exhibit D).

8. That the plaintiff is informed and believes, and therefore alleges, that the security interest claimed by defendant, TOYOTA is unperfected in that the defendant, TOYOTA did not cause an

Page 2

indication of its security interest to be placed upon the certificate of title in the records of the county clerk for the county where the debtor, TONY MARTIN, resides.

9. That said unperfected security interest of defendant, TOYOTA is void as to plaintiff by virtue of 11 U.S.C. Section 544. (Plaintiff's Exhibit E).

10. That the aforesaid 2014 Toyota Tacoma has a reasonable fair market value of Fourteen Thousand Dollars ($14,000.00).

WHEREFORE, plaintiff prays:

1. That this Court make its order declaring void the security interest granted by the debtor, TONY MARTIN to the defendant, TOYOTA, and decreeing that said defendant has no lien upon, nor security interest in, the above-described 2014 Toyota Tacoma, VIN: 5TFLUEN3EX102923.

2 That the debtor/defendant, TONY MARTIN, assert whatever claims or defenses he may have in the above transactions.

3. That the Court order the sale of said 2014 Toyota Tacoma and the distribution of proceeds thereof in the order and priority as permitted by law.

4. That the plaintiff have all other orders and relief to which he may appear entitled.

5. For plaintiff's costs herein expended.

/s/ James R. Westenhoefer
JAMES R. WESTENHOEFER
ATTORNEY FOR TRUSTEE
212 South Third Street
Richmond, KY 40475
Telephone: 859/624-0145

Customer Completed Copy - 118208653

LAW 553-KY-ARB-e 5/15

# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

Dealer Number __0000016056__    Contract Number __AD-3-42000050717984__

**EXHIBIT A**

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| TONY MARTIN<br>2174 HIGHWAY 2003<br>Mc Kee, County of JACKSON, KY 40447-7206 | N/A | S AND M AUTOMOTIVE, LLC.<br>2100 LEXINGTON RD, BOX 489<br>NICHOLASVILLE, KY 40356 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. **By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract.** You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2014 | Toyota Tacoma | 5TFLU4EN3EX102923 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 6.30 % | $ 8,153.87 | $ 37,839.88 | $ 45,993.75 | $ 45,993.75 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | $ 613.25 | Monthly beginning 07/11/2016 |
| N/A | N/A | N/A |

Or As Follows: N/A

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __15.00__ or __5__ % of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**Returned Check Charge:** If any check or similar instrument you give us is returned unpaid, you agree to pay us a handling fee of up to $50.00.

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __75__ Mos.    Name of Gap Contract __TMIS__
I want to buy a gap contract.
Buyer Signs X  A  _Tony Martin_

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Customer Completed Copy - 118208653

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 966.00 sales tax) .............................................. $ 31,888.00 (1)
2. Total Downpayment =
   Trade-In  2012      Toyota      Camry
              (Year)    (Make)     (Model)

   | | |
   |---|---|
   | Gross Trade-In Allowance | $ 15,000.00 |
   | Less Pay Off Made By Seller | $ 18,857.88 |
   | Equals Net Trade In | $ -3,857.88 |
   | + Cash | $ 1,800.00 |
   | + Other N/A | $ N/A |

   (If total downpayment is negative, enter "0" and see 4I below) ............. $ 0.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ............................................. $ 31,888.00 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      - Life       N/A       $ N/A
      - Disability N/A       $ N/A       $ N/A
   B. Vendor's Single Interest Insurance
      Paid to Insurance Company                               $ N/A
   C. Other Optional Insurance Paid to Insurance Company or Companies      $ N/A
   D. Optional Gap Contract                                   $ 895.00
   E. Official Fees Paid to Government Agencies
      - to N/A        for N/A           $ N/A
      - to N/A        for N/A           $ N/A
      - to N/A        for N/A           $ N/A
   F. Government Taxes Not Included in Cash Price             $ N/A
   G. Government License and/or Registration Fees
      N/A                                                     $ N/A
   H. Government Certificate of Title Fees                    $ N/A
   I. Other Charges (Seller must identify who is paid and describe purpose)
      - to tfs        for Prior Credit or Lease Balance   $ 2,057.88
      - to TMIS       for Mechanical Breakdown            $ 2,400.00
      - to ton        for Documentation Fee               $ 599.00
      - to N/A        for N/A                             $ N/A
      - to N/A        for N/A                             $ N/A
      - to N/A        for N/A                             $ N/A
      - to N/A        for N/A                             $ N/A
      - to N/A        for N/A                             $ N/A
      - to N/A        for N/A                             $ N/A

   Total Other Charges and Amounts Paid to Others on Your Behalf    $ 5,951.88 (4)
5. Amount Financed (3 + 4)                                          $ 37,839.88 (5)

OPTION: ☐ You pay no finance charge If the Amount Financed, Item 5, is paid in full on or before _____N/A_____, Year __N/A__. SELLER'S INITIALS __N/A__

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ ___N/A___** and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X  C [signature]
Co-Buyer Signs X  C   N/A

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is reasonably acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
Credit Life $ _____N/A_____
Credit Disability $ _____N/A_____
Insurance Company Name
N/A
Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance or credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐  N/A                        N/A
   Type of Insurance          Term
Premium $ _____N/A_____
Insurance Company Name
N/A
Home Office Address
N/A

☐  N/A                        N/A
   Type of Insurance          Term
Premium $ _____N/A_____
Insurance Company Name
N/A
Home Office Address
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not to buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X D    N/A                     N/A
Buyer Signature                Date

X D    N/A                     N/A
Co-Buyer Signature             Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

True and Accurate Completed Copy - UCC Non-Authoritative Copy
True and Accurate Completed Copy - UCC Non-Authoritative Copy

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **You may refinance a balloon payment.** A balloon payment is a scheduled payment that is more than twice as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you may refinance the balloon payment when due without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods put on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information on a credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs the law permits.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

Customer Completed Copy - 118208653

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

6. **APPLICABLE LAW**
Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

**Electronic Contracting and Signature Acknowledgment.**
You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X E *[signature]* Co-Buyer Signs X E **N/A**
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements. This contract requires that a copy of it be furnished to you at the time the contract is executed.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 5, before signing below. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X F *[signature]* Date 05/27/2016 Co-Buyer Signs X F **N/A** Date **N/A**

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X ___N/A___ Address N/A
Seller signs S AND M AUTOMOTIVE, LLC. Date 05/27/2016 By X F *[signature]* Title FINANCE MANAGI

Customer Completed Copy - 118208653

## ARBITRATION PROVISION:
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

LAW FORM NO. 553-KY-ARB-e (REV. 5/15)   U.S. PATENT NO. D460,732
©2015 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

LAW 553-KY-ARB-e 5/15 v1    Page 5 of 5

Customer Completed Copy - 118208653

ZIP Code™ by Address (/zip-code-lookup.htm?byaddress)  ZIP Code™ by City and State (/zip-code-lookup.htm?bycitystate)

Cities by ZIP Code™ (/zip-code-lookup.htm?citybyzipcode)   FAQs (https://www.faqs.htm)

# Look Up a ZIP Code™ FAQs (https://faqs.htm)

### ZIP Code™ by Address

You entered:
2174 HIGHWAY 2003
MCKEE KY
40447



EXHIBIT B

If more than one address matches the information provided, try narrowing your search by entering a street address and, if applicable, a unit number. Edit and search again. (zip-code-lookup.htm?byaddress)

2174 HIGHWAY 2003
MCKEE KY 40447-7206

| CARRIER ROUTE | COUNTY | DELIVERY POINT CODE |
|---|---|---|
| R003 | JACKSON | 74 |

| CHECK DIGIT | COMMERCIAL MAIL RECEIVING AGENCY | LAC™ |
|---|---|---|
| 5 | N | - |

| eLOT™ | eLOT ASCENDING/DESCENDING INDICATOR | RECORD TYPE CODE |
|---|---|---|
| 0154 | D | S |

| PMB DESIGNATOR | PMB NUMBER | DEFAULT FLAG |
|---|---|---|
| - | - | - |

| EWS FLAG | DPV CONFIRMATION INDICATOR | |
|---|---|---|
| - | Y | |

# COMMONWEALTH OF KENTUCKY
## TRANSPORTATION CABINET
### CERTIFICATE OF TITLE

| TITLE NO. | YEAR | MAKE | MODEL NAME | VIN/HIN | TITLE TYPE | MODEL NO. |
|---|---|---|---|---|---|---|
| 161620330003 | 14 | TOYT | TACOMA | 5TFLU4EN3EX102923 | TRANSFER | |
| BODY TYPE | COLOR | NO. CYL | ODOMETER | MOTOR NO. | WEIGHT | PREV. TITLE NO./STATE |
| PK | GRY | 06 | 26951 | | 6 | 161110570048 KY |
| KY NO. | BOAT TYPE | LENGTH | BEAM | CAPACITY | HULL MATERIAL | PROPULSION |

**OWNER(S) NAME**          DATE OF ISSUE 06/14/16          FUEL          USAGE TAX PAID 954.00

TO MARTIN, TONY
2174 HIGHWAY 2003
MCKEE          KY   40447-7206

**REMARKS**

19-60616

**BRAND(S)**

**FIRST LIENHOLDER**
TOYOTA MOTOR CREDIT
260 INTERSTATE NCNW
ATLANTA
GA 30339

FIRST LIEN — Notation No. 160925   County ESTI   Filing Date 06-10-16

SECOND LIENHOLDER

EXHIBIT C

CONTROL NO. C23639710

I certify that the Department of Vehicle Regulation has exercised due diligence in examining an application for a certificate of title for the above-described vehicle and to the best of our knowledge and belief the applicant whose name appears above is the lawful owner of the apparently legitimate vehicle described herein.

Commissioner, Department of Vehicle Regulation          (STATE SEAL)

49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

### FIRST DEALER ASSIGNMENT
The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Odometer Reading _____ (no tenths)

Transferor(s) Signature(s) _____ (Seller) To be notarized   Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)                Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____   Seller Dealer No. _____   Purchasing Dealer No. _____

Attesting Official _____ Title _____
Subscribed and sworn before me this ___ day of ___ 20__ My commission expires _____ NOTARY PUBLIC

### SECOND DEALER ASSIGNMENT
The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Odometer Reading _____ (no tenths)

Transferor(s) Signature(s) _____ (Seller) To be notarized   Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)                Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____   Seller Dealer No. _____   Purchasing Dealer No. _____

Attesting Official _____ Title _____
Subscribed and sworn before me this ___ day of ___ 20__ My commission expires _____ NOTARY PUBLIC

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS, OR MUTILATIONS. MUST BE COMPLETED IN BLUE OR BLACK INK. 49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS**

TC 96-180 REV. 12/09

"TRANSFER OF TITLE BY OWNER" 49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

Case 19-50775-grs    Doc 1    Filed 06/04/19    Entered 06/04/19 09:55:49    Desc Main
Document      Page 11 of 15

## TRANSFER OF TITLE BY OWNER

The undersigned owner hereby certifies that the vehicle described in the title has been transferred to the following (print name and address of the transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

### ****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. **WARNING - ODOMETER DISCREPANCY**

Odometer Reading _____ (no tenths)

Transferor(s) Dealer/Agent Signature(s) _____     Transferee(s) Signature(s) _____

Transferor(s) Dealer/Agent Printed Name(s) _____     Transferee(s) Printed Name(s) _____

Date of Transfer _____

Subscribed and sworn before me this _____ day of _____ 20____ My commission expires _____ NOTARY PUBLIC

### APPLICATION FOR TITLE/ AFFIDAVIT OF TOTAL CONSIDERATION

#### BRAND DISCLOSURE

Check appropriate Block if:  ☐ Rebuilt Vehicle   ☐ Water Damaged   ☐ Hail Damaged
When Block is checked and title does not include brand, provide jurisdiction _____ and title number _____ where previous brand was issued.

| Sale Price $ | Trade in $ | Net Cost $ | Tax $ |
|---|---|---|---|

USAGE TAX / USAGE TAX

Date of Sale _____

TRADE IN:

| Make | Year | Vin No. | Title No. |
|---|---|---|---|
| Make | Year | Vin No. | Title No. |

Seller and buyer certify pursuant to the penalty provisions of KRS 190.990 (5), that each has supplied true and correct total consideration information to the best of his knowledge and belief, in this document, including the above affidavit.

NAME OF SELLER OR TRANSFEROR _____ DEALER NO. _____    NAME OF OWNER/BUYER _____ S.S.# _____ BIRTH MO. _____

STREET ADDRESS _____ PHONE NO. _____    NAME OF OWNER/BUYER _____ S.S.# _____ BIRTH MO. _____

CITY _____ COUNTY _____ STATE _____ ZIP _____    ADDRESS _____

CITY _____ COUNTY _____ STATE _____ ZIP _____

I (☐ have) (☐ have not) applied for a loan in connection with the vehicle described herein and if not, I (☐ will) (☐ will not) apply for a loan with in 30 days of this application.

LESSEE NAME OR OTHER _____    FIRST LIENHOLDER _____

LESSEE ADDRESS _____    ADDRESS _____

CITY _____ COUNTY _____ STATE _____ ZIP _____    COUNTY LIEN TO BE FILED IN _____

Transferee(s) _____ Signatures(s) _____

Transferor(s) _____ Signature(s) _____    Transferee(s) _____ Signatures(s) _____

Transferor(s) _____ Signature(s) _____    Attesting Official _____ Title _____

Attesting Official _____ Title _____    Subscribed and sworn to before me this _____ day of _____ 20____

Date of Transfer _____    My Commission Expires _____

Subscribed and sworn to before me this _____ day of _____ 20____
My Commission Expires _____

### COUNTY CLERK USE ONLY

| TYPE APPLICATION | DATE OF ISSUANCE | TITLE NO. | PLATE NO. |
|---|---|---|---|

I certify subject to the penalty provisions of KRS 190.990 (5) that I have reviewed this application and the documents supporting it and that the same are present and consistent with this application; that I received the application on the date and time indicated hereon and that the fees were collected as indicated. I further certify that the required information has been entered into the automated vehicle identification system (AVIS).

SIGNATURE & TITLE AND ISSUER _____ COUNTY _____ DATE _____ TIME _____

I certify that the lien indicated to be filed has been noted into the automated system and that a title will be withheld for 30 days, or until financing statement and fees required are received, whichever occurs first.

SIGNATURE _____ DATE _____

49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES. **NOTICE:** ANY ALTERATIONS OR ERASURES VOIDS THE ASSIGNMENTS.

# COMMONWEALTH OF KENTUCKY
## TRANSPORTATION CABINET
### CERTIFICATE OF TITLE

| TITLE NO. | YEAR | MAKE | MODEL NAME | VIN/HIN | TITLE TYPE | MODEL NO. |
|---|---|---|---|---|---|---|
| 150230570092 | 14 | TOYT | COROLLA | 5YFBURHE8EP010452 | TRANSFER | |

| BODY TYPE | COLOR | NO. CYL | ODOMETER | MOTOR NO. | WEIGHT | PREV. TITLE NO./STATE |
|---|---|---|---|---|---|---|
| 4D | WHI | 04 | 42941 | | | 143450570065 KY |

| KY NO. | BOAT TYPE | LENGTH | BEAM | CAPACITY | HULL MATERIAL | PROPULSION |
|---|---|---|---|---|---|---|

OWNER(S) NAME

TO  MARTIN, TONY OR
2174 HIGHWAY 2003
MCKEE          KY  40447-7206
HARRIS, MICHELE

DATE OF ISSUE  02/04/15

USAGE TAX PAID  1073.28

REMARKS

BRAND(S)

FIRST LIENHOLDER
TOYOTA MOTOR CREDIT
260 INTERSTATE NCNW
ATLANTA
GA 30339

| FIRST LIEN | | |
|---|---|---|
| Notation No. 1500103 | County JACK | |
| Filing Date 01-28-15 | | |
| Released By: | | |
| County Clerk's use Only | Date | |

SECOND LIENHOLDER

| SECOND LIEN | | |
|---|---|---|
| Notation No. | County | |
| Filing Date | | |
| Released By: | | |
| County Clerk's use Only | Date | |


EXHIBIT D

I certify that the Department of Vehicle Regulation has exercised due diligence in examining an application for a certificate of title for the above-described vehicle and to the best of our knowledge and belief the applicant whose name appears above is the lawful owner of the apparently legitimate vehicle described herein.



(STATE SEAL)

CONTROL NO. **C21596099**

Commissioner, Department of Vehicle Regulation

49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

### FIRST DEALER ASSIGNMENT

The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Odometer Reading _____ (no tenths)

Transferor(s) Signature(s) _____ (Seller) To be notarized     Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)     Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____ Seller Dealer No. _____     Purchasing Dealer No. _____

Attesting Official _____ Title _____
Subscribed and sworn before me this ___ day of ___ 20___ My commission expires _____ NOTARY PUBLIC

### SECOND DEALER ASSIGNMENT

The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Odometer Reading _____ (no tenths)

Transferor(s) Signature(s) _____ (Seller) To be notarized     Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)     Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____ Seller Dealer No. _____     Purchasing Dealer No. _____

Attesting Official _____ Title _____
Subscribed and sworn before me this ___ day of ___ 20___ My commission expires _____ NOTARY PUBLIC

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS, OR MUTILATIONS. MUST BE COMPLETED IN BLUE OR BLACK INK. 49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

TC 96-180 REV. 12/09

"TRANSFER OF TITLE BY OWNER": 49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

## TRANSFER OF TITLE BY OWNER

The undersigned owner hereby certifies that the vehicle described in the title has been transferred to the following (print name and address of the transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

****CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

☐ 1. The mileage stated is in excess of its mechanical limits.

☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

Odometer Reading _____ (no tenths)

Transferor(s) Dealer/Agent Signature(s) _____

Transferee(s) Signature(s) _____

Transferor(s) Dealer/Agent Printed Name(s) _____

Transferee(s) Printed Name(s) _____

Date of Transfer _____

Subscribed and sworn before me this _____ day of _____ 20 ____ My commission expires _____

NOTARY PUBLIC

### APPLICATION FOR TITLE/ AFFIDAVIT OF TOTAL CONSIDERATION

#### BRAND DISCLOSURE

Check appropriate Block if: ☐ Rebuilt Vehicle ☐ Water Damaged ☐ Hail Damaged

When Block is checked and title does not include brand, provide jurisdiction _____ and title number _____ where previous brand was issued.

USAGE TAX

| Sale Price $ | Trade in $ | Net Cost $ | Tax $ |
|---|---|---|---|

Date of Sale _____

TRADE IN
| Make | Year | Vin No. | Title No. |
|---|---|---|---|
| Make | Year | Vin No. | Title No. |

USAGE TAX

Seller and buyer certify pursuant to the penalty provisions of KRS 190.990 (5), that each has supplied true and correct total consideration information to the best of his knowledge and belief, in this document, including the above affidavit.

NAME OF SELLER OR TRANSFEROR _____ DEALER NO. _____

NAME OF OWNER/BUYER _____ S.S.# _____ BIRTH MO. _____

STREET ADDRESS _____ PHONE NO. _____

NAME OF OWNER/BUYER _____ S.S.# _____ BIRTH MO. _____

CITY _____ COUNTY _____ STATE _____ ZIP _____

ADDRESS _____

CITY _____ COUNTY _____ STATE _____ ZIP _____

I (☐ have) (☐ have not) applied for a loan in connection with the vehicle described herein and if not, I (☐ will) (☐ will not) apply for a loan with in 30 days of this application.

LESSEE NAME OR OTHER _____

FIRST LIENHOLDER _____

LESSEE ADDRESS _____

ADDRESS _____

CITY _____ COUNTY _____ STATE _____ ZIP _____

COUNTY LIEN TO BE FILED IN _____

Transferee(s) _____ Signatures(s) _____

Transferor(s) _____ Signature(s) _____

Transferee(s) _____ Signatures(s) _____

Transferor(s) _____ Signature(s) _____

Attesting Official _____ Title _____

Attesting Official _____ Title _____

Subscribed and sworn to before me this _____ day of _____ 20 ____

Date of Transfer _____

My Commission Expires _____

Subscribed and sworn to before me this _____ day of _____ 20 ____

My Commission Expires _____

### COUNTY CLERK USE ONLY

| TYPE APPLICATION | DATE OF ISSUANCE | TITLE NO. | PLATE NO. |
|---|---|---|---|

I certify subject to the penalty provisions of KRS 190.990 (5) that I have reviewed this application and the documents supporting it and that the same are present and consistent with this application; that I received the application on the date and time indicated hereon and that the fees were collected as indicated. I further certify that the required information has been entered into the automated vehicle identification system (AVIS).

SIGNATURE & TITLE AND ISSUER _____ COUNTY _____ DATE _____ TIME _____

I certify that the lien indicated to be filed has been noted into the automated system and that a title will be withheld for 30 days, or until financing statement and fees required are received, whichever occurs first.

SIGNATURE _____ DATE _____

49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES. NOTICE: ANY ALTERATIONS OR ERASURES VOIDS THE ASSIGNMENTS.




EXHIBIT E

# UNITED STATES CODE

USC most recently checked for updates: Feb 24, 2019

All Titles (/uscode) > Title 11 (/uscode/title11) > Chapter 5 (/uscode/title11_chapter5) > Subchapter III (/uscode/title11_chapter5_subchapterIII)

§ 543. Turnover of property by a custodian (/...       § 545. Statutory liens (/uscode/title11_chapt...

U.S. Code       Notes (/uscode/11/544/notes)

## § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b)

(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is

Download the GovRegs app (/apps.html)



voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title (/uscode/11/502) or that is not allowable only under section 502(e) of this title (/uscode/11/502).

**(2)** Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

(PUB. L. 95–598, NOV. 6, 1978, 92 STAT. 2596; PUB. L. 98–353, TITLE III, § 459, JULY 10, 1984, 98 STAT. 377; PUB. L. 105–183, § 3(B), JUNE 19, 1998, 112 STAT. 518.)

CITE AS: 11 USC 544

© 2016 GovRegs | About (/about.html) | Disclaimer (/disclaimer.html) | Privacy (/privacy.html)

(https://twitter.com/GovRegs)  (https://www.facebook.com/GovRegs)

**Download the GovRegs app! (/apps.html)**